UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
GAIL HOUSTON,

                Plaintiff,

    -against-

DEPARTMENT OF EDUCATION UNION &
PSYCHOLOGIST; RICK KING, Paraprofessional
Representative; DR. SHUSTER, Psychologist;
MS. PEREZ,

                Defendants.
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**
25-CV-3409 (OEM) (CLP)

ORELIA E. MERCHANT, United States District Judge:

On June 13, 2025, plaintiff Gail Houston ("Plaintiff") filed this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, the Age Discrimination in Employment Act ("ADEA"), and the Americans with Disabilities Act ("ADA"), Compl., ECF 1.[1] Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. ECF 2. For the reasons stated below, the Complaint is dismissed without prejudice and Plaintiff is granted 30 days from the date of this Order to file an Amended Complaint.

## BACKGROUND

Plaintiff submits an employment discrimination form complaint, asserting claims for termination of employment, failure to accommodate a disability, unequal terms and conditions of employment and retaliation. Compl. at 4. She also checks boxes alleging discrimination based on race, color, religion, national origin, age and disability or perceived disability. *Id.* at 5.

---

[1] Plaintiff filed a similar action on the same day. *See Houston v. Dept. of Education et al.*, No. 25-CV-3410 (OEM) (CLP).

1

Based on the allegations in the Complaint, Plaintiff appears to allege she was employed as a paraprofessional for the New York City Department of Education. *Id.* at 4. Plaintiff alleges,

> When I went to speak with the union about the d[e]spicable things that I was working under, a new Para Rep Mr. Rick King[,] Ms. Perez and another Spanish person in the union directed me to Rick King. He never helped me. He was on the side of the principal who sexually touched me (3) different times in 2008 then terminated me on a trump up charge of hitting a child. I have children of my own. Then I was sent to a psychologist who made me quit to keep my job after returning in 2010.

*Id.* Plaintiff seeks money damages and injunctive relief. *Id.* at 6.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

### I. Title VII, ADEA & ADA Claims

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a)(1). In order to plead a Title VII claim, Plaintiff is required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)).

The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). In order to establish a prima facie case of age discrimination in violation of the ADEA, plaintiff must plausibly allege: (1) that she was within the protected age group (more than 40 years old); (2) that she was qualified for her position; (3) that she experienced an adverse employment action; and (4) that such action occurred under circumstances giving rise to an inference of discrimination. *See Gorzynski v. Jet Blue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp. Inc.,* 202 F.3d 129, 134 (2d Cir. 2000)).

To state a claim for discrimination under the ADA, a plaintiff must allege that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential

3

functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 486 (S.D.N.Y. 2017) (quoting *Capobianco v. City of N.Y.*, 422 F.3d 47, 56 (2d Cir. 2005)).

Even under the most liberal interpretation of the Complaint, Plaintiff fails to state a claim of discrimination under Title VII, the ADEA, or the ADA, as she does not allege any facts that plausibly connect an alleged adverse employment action to a protected status. *See Littlejohn v. City of NY*, 795 F.3d. 297, 311 (2d Cir. 2015) ("The facts required by *Iqbal* to be alleged in the complaint need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation."); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015) ("a plaintiff must allege that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.").

In addition, Title VII, the ADEA and the ADA do not provide for liability against individual defendants. *See, e.g., Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61–62 (2d Cir. 2016) (Title VII does not provide for individual liability); *Spiegel v. Schulmann*, 604 F.3d 72, 79 (2d Cir. 2010) (the ADA does not provide for individual liability); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) (the ADEA precludes individual

liability).[2]  Accordingly, Plaintiff's claims against individual defendants Rick King, Dr. Shuster, and Ms. Perez must be dismissed.

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed.  28 U.S.C. § 1915(e)(2)(B).  In light of Plaintiff's *pro se* status, Plaintiff is granted 30 days from the date of this order to file an Amended Complaint.  *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

Plaintiff's Amended Complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, provide all relevant dates, and include a short, plain statement of facts sufficient to support a plausible claim that Defendants discriminated against her in violation of Title VII, the ADEA and the ADA.

Plaintiff is advised that the Amended Complaint will completely replace the original Complaint, must be captioned, "Amended Complaint," and shall include the same docket number as this Order: 25-CV-3409 (OEM) (CLP).  If Plaintiff fails to comply with this Memorandum and Order within the time allowed, or cure the deficiencies discussed herein, this action will be dismissed.  Plaintiff may wish to consult the City Bar Justice Center's Federal Pro Se Legal Assistance Project at (212) 382-4729 for free, confidential, limited-scope legal assistance.

The Clerk of Court is respectfully directed to mail a copy of this Order and an employment discrimination form complaint to Plaintiff, noting the mailing on the docket.  No summons shall issue at this time and all further proceedings shall be stayed.

---

[2] To the extent that Plaintiff seeks to bring a claim pursuant to the New York City Human Rights Law (NYCHRL), the Court notes that there is individual liability for an employee.  *Schaper v. Bronx Lebanon Hosp. Ctr.*, 408 F. Supp. 3d 379 (S.D.N.Y. 2019).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                                   /s/
                                          ORELIA E. MERCHANT
                                          United States District Judge

Dated: Brooklyn, New York
       August 19, 2025