UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GAIL HOUSTON,

     Plaintiff,

                 **MEMORANDUM AND ORDER**

   -against-            25-CV-03409 (OEM) (CHK)

DEPARTMENT OF EDUCATION UNION &
PSYCHOLOGIST; RICK KING; DR. RICHARD
SCHUSTER; ELIZABETH PEREZ; MARK COLLINS;
ABE RUDA; GREG LUNDAHL; KERRY DOWLING;
ELAINE HAYNESWORTH; GEORGE GEIST;
LEROY BARR; ANDREA CARTE; and
MS._____ LAWYER,

     Defendants.
-----------------------------------------------------------------x
ORELIA E. MERCHANT, United States District Judge:

  On June 13, 2025, plaintiff Gail Houston ("Plaintiff") filed this *pro se* action pursuant to

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"); the Age

Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-34 ("ADEA"); and the Americans

with Disabilities Act of 1990, 42 U.S.C. §§ 12112-17 ("ADA"). *See generally* Complaint for

Employment Discrimination, Dkt. 1 ("Complaint" or "Compl."). That same day, Plaintiff also

moved for leave to proceed *in forma pauperis*. *See generally* Application to Proceed in District

Court Without Prepaying Fees or Costs, Dkt. 2. On August 19, 2025, this Court granted Plaintiff's

request to proceed *in forma pauperis* but dismissed the Complaint without prejudice due to

Plaintiff's failure to state a claim upon which relief could be granted under 28 U.S.C.

§ 1915(e)(2)(B)(ii). *See generally* Memorandum and Order, Dkt. 4 ("August 19 Order"). The

Court additionally granted Plaintiff 30 days from the date of the August 19 Order to file an

amended complaint. *See id.* at 1, 5. Before the Court now is Plaintiff's amended complaint, filed

on September 19, 2025. *See generally* Amendment Complaint for a Civil Case, Dkt. 5 ("Amended Complaint" or "Am. Compl.").

For the reasons stated below, the Court dismisses Plaintiff's Amended Complaint with prejudice and denies leave to amend.

## BACKGROUND

Plaintiff commenced this action using a form complaint that alleged violations of Title VII, the ADEA, and the ADA. August 19 Order at 1 (citing Compl. at 3). Specifically, Plaintiff asserted claims for termination of employment, failure to accommodate a disability, unequal terms and conditions of employment, and retaliation in connection with several protected statuses: race, color, religion, national origin, age, and disability or perceived disability. *Id.* (citing Compl. at 4-5). Plaintiff contended that she endured "d[e]spicable things" while at her job as a paraprofessional for the New York City Department of Education and that she "was sent to a psychologist who made [her] quit" her job." *Id.* at 2 (first alteration in original) (quoting Compl. at 5). Plaintiff sought money damages and injunctive relief. *Id.* (citing Compl. at 6).

On August 19, 2025, this Court dismissed Plaintiff's Complaint for failure to state a claim and permitted Plaintiff to re-file an amended complaint within 30 days. Specifically, the Court determined that "[e]ven under the most liberal interpretation of the Complaint, Plaintiff fail[ed] to state a claim of discrimination under Title VII, the ADEA, or the ADA, as she [did] not allege any facts that plausibly connect[ed] an alleged adverse employment action to a protected status." *Id.* at 4 (citations omitted). In addition, the Court noted that "Title VII, the ADEA and the ADA do not provide for liability against individual defendants" and dismissed Plaintiff's claims against individual defendants Rick King, Dr. Richard Schuster, and Elizabeth Perez. *Id.* at 4-5.

On September 19, 2025, Plaintiff filed her Amended Complaint.  As with the Complaint, Plaintiff alleges violations of Title VII, the ADEA, and the ADA caused by termination of her employment, failure to accommodate her disability, unequal terms and conditions of her employment, and retaliation.  *Compare* Am. Compl. at 12-13*, with* Compl. at 3-4.  And, as with Complaint, Plaintiff sues the New York City Department of Education Union & Psychologist, Rick King, Dr. Richard Schuster, and Elizabeth Perez.  *Compare* Am. Compl. at 1-5*, with* Compl. at 1-3.  But, in her Amended Complaint, Plaintiff adds nine additional individual defendants: Mark Collins, Abe Ruda, Greg Lundahl, Kerry Dowling, Elaine Haynesworth, George Geist, LeRoy Barr, Andrea Carte, and an unidentified lawyer, whom Plaintiff refers to as "Ms. _____ Lawyer."  Am. Compl. at 1-5.  Plaintiff additionally drops color and religion as protected statuses and instead sues solely based on race, national origin, age, and disability or perceived disability.  *Compare* Am. Compl. at 14*, with* Compl. at 5.  She expands upon her factual allegations, asserting, in essence:

> Over the years working for the Board of Education now known as the Department of Education, I witnessed too many incidents where Caribbean workers cursing and beating on the students in their care.  They verbally harassed staff that cannot stand up for themselves.  Mostly the women and some men would gather with a code of silence.  Then I would receive a barage [sic] of insults by more than one of these workers through my days of employment.  They find malicious ways to force you out of your job.

*Id.* at 14.  As in her initial Complaint, Plaintiff still seeks injunctive and monetary relief.  *Id.* at 15.

## LEGAL STANDARD

When reviewing an action filed *in forma pauperis*, the Court must dismiss a complaint *sua sponte* if it determines that the suit "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint fails to state a claim on which relief may be granted where it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the Court is mindful that a plaintiff's pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Even after *Twombly*," the Court "remain[s] obligated to construe a *pro se* complaint liberally." (citations omitted)).

## DISCUSSION

The Court finds that Plaintiff's Amended Complaint suffers from the same pleading flaws identified in the August 19 Order: under Title VII, the ADEA, and the ADA, (1) it does not plausibly allege discrimination or retaliation and (2) it improperly sues individual defendants.

### A. The Amended Complaint Does Not Plausibly Allege Discrimination or Retaliation Under Title VII, the ADEA, or the ADA.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Courts analyze Title VII claims under the burden-shifting framework established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires a plaintiff to show that: "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Vega v. Hempstead*

4

*Union Free Sch. Dist.*, 801 F.3d 72, 82-83 (2d Cir. 2015) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000)).

Title VII additionally contains an anti-retaliation provision, which makes it unlawful for an employer "to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). Title VII retaliation claims are likewise analyzed under a burden-shifting framework, which first requires a plaintiff to show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Hicks v. Baines*, 593 F.3d 159, 164 (2d Cir. 2010) (quoting *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005)).

The ADEA provides that it is "unlawful for an employer . . . to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges or employment, because of such individual's age." 29 U.S.C. § 623(a)(1). As with Title VII, courts apply the *McDonnell Douglas* burden-shifting framework to ADEA discrimination claims, requiring a plaintiff to first establish "(1) that she was within the protected age group, (2) that she was qualified for the position, (3) that she experienced an adverse employment action, and (4) that such action occurred under circumstances giving rise to an inference of discrimination." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citation omitted); *see also Bockus v. Maple Pro, Inc.*, 850 F. App'x 48, 51-52 (2d Cir. 2021) ("It is well established that the burden-shifting framework set forth by the Supreme Court in

[*McDonnell Douglas*] applies to claims brought under the ADEA." (quoting *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 167 (2d Cir. 2014) (per curiam))).

The ADEA likewise contains an anti-retaliation provision that makes it "unlawful for an employer to discriminate against any of his employees . . . because such individual . . . has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d). Here, too, courts apply a burden-shifting analysis that requires a plaintiff to first show (1) that "he engaged in protected participation or opposition," (2) "that the employer was aware of this activity," (3) "that the employer took adverse action against the plaintiff," and (4) "that a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse employment action." *Kessler v. Westchester Cnty. Dep't of Soc. Servs.*, 461 F.3d 199, 205-06 (2d Cir. 2006) (quoting *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001)).

The ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). As with Title VII and the ADEA, a plaintiff must first establish that "(1) the defendant is covered by the ADA; (2) plaintiff suffers from or is regarded as suffering from a disability within the meaning of the ADA; (3) plaintiff was qualified to perform the essential functions of the job, with or without reasonable accommodation; and (4) plaintiff suffered an adverse employment action because of his disability or perceived disability." *Luka v. Bard Coll.*, 263 F. Supp. 3d 478, 486 (S.D.N.Y. 2017) (quoting *Capobianco v. City of New York*, 422 F.3d 47, 56 (2d Cir. 2005)). For a failure-to-accommodate claim, in particular, a plaintiff must

6

also show that "(1) [he] is a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations." *McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 97 (2d Cir. 2009) (quoting *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006)).

The ADA additionally contains an anti-retaliation provision that makes it unlawful for an employer to "discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). As with Title VII and the ADEA, a plaintiff must first demonstrate that "(1) he engaged in an activity protected by the ADA; (2) the employer was aware of this activity; (3) the employer took adverse employment action against him; and (4) a causal connection exists between the alleged adverse action and the protected activity." *Treglia v. Town of Manlius*, 313 F.3d 713, 719 (2d Cir. 2002) (citing *Cifra*, 252 F.3d at 216).

Even under the most liberal interpretation of Plaintiff's Amended Complaint, Plaintiff does not state claims of discrimination or retaliation under Title VII, the ADEA, or the ADA. Although Plaintiff need not establish a complete prima facie case of discrimination or retaliation at the pleading stage, she does need to provide "plausible support to a minimal inference of discriminatory motivation." *Luka*, 263 F. Supp. 3d at 487 (quoting *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015)) (analyzing ADA and ADEA discrimination claims); *see also Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015) (applying this standard in the context of Title VII retaliation and discrimination claims); *Massaro v. Bd. of Educ.*, 774 F. App'x 18, 21 n.2 (2d Cir. 2019) (noting that ADA, ADEA, and Title VII claims are analyzed under

the same framework).  Here, however, Plaintiff does not allege any facts that plausibly connect an alleged adverse employment action to a protected status.  *See, e.g.*, *Bockus*, 850 F. App'x at 51-52 (affirming dismissal of Title VII and ADEA claims where the plaintiff "allege[d] no facts that could give rise to a plausible inference" of discrimination).  The Amended Complaint does not provide support for even a minimal inference of discriminatory motivation.

**B. The Amended Complaint Improperly Names Individuals as Defendants.**

In addition, Plaintiff persists in suing Defendants in their individual capacities.  But, as explained in the August 19 Order, Title VII, the ADEA, and the ADA do not provide for liability against individual defendants.  *See, e.g.*, *Cayemittes v. City of New York Dep't of Hous. Pres. & Dev.*, 641 F. App'x 60, 61–62 (2d Cir. 2016) ("At the outset, we affirm dismissal of all Title VII claims against defendants sued in their individual capacities because Title VII does not provide for individual liability."); *Yerdon v. Poitras*, 120 F.4th 1150, 1157 (2d Cir. 2024) (per curiam) (holding that the ADA "does not permit suits against individual employees"); *Cherry v. Toussaint*, 50 F. App'x 476, 477 (2d Cir. 2002) ("[W]e affirm the dismissals for the reasons stated by the district court, namely, that the ADEA precludes individual liability.").  Despite the Court's dismissal of the claims against Rick King, Dr. Richard Schuster, and Elizabeth Perez, *see* August 19 Order at 5, Plaintiff not only continues to include them but goes one step further by suing nine more individuals, *see* Am. Compl. at 1-5.  Because defendants sued in their individual capacities are not liable for discrimination under Title VII, the ADEA, or the ADA, the Court reiterates its dismissal of the claims against Rick King, Dr. Richard Schuster, and Elizabeth Perez and further dismisses claims against Mark Collins, Abe Ruda, Greg Lundahl, Kerry Dowling, Elaine Haynesworth, George Geist, LeRoy Barr, Andrea Carte, and "Ms. _____ Lawyer," as well.

## CONCLUSION

Accordingly, Plaintiff's action is dismissed with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, the Court denies Plaintiff leave to amend.  Although courts should construe *pro se* plaintiffs' complaints liberally, "amendment should be denied where the complaint gives no 'indication that a valid claim might be stated.'"  *McKie v. Kornegay*, 21-1943, 2022 WL 4241355, at *3 (2d Cir. Sept. 15, 2022) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)).  Here, the Court granted Plaintiff the opportunity to amend already, and the Amended Complaint failed to respond to the issues clearly identified in the August 19 Order.  Plaintiff's additional detail included in the Amended Complaint "does not change the reality that Plaintiff's core claims fail as a matter of law."  *Bartholomew v. Mount Sinai West*, 23-CV-3854 (PKC) (JRC), 2025 WL 2772911, at *9 (E.D.N.Y. Sept. 26, 2025).  The Court therefore finds that amendment would be futile.

The Clerk of Court is respectfully directed to enter judgment dismissing this action, mail a copy of the judgment and this Memorandum and Order to Plaintiff, note the mailing on the docket, and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, denies *in forma pauperis* status for the purpose of any appeal. *Coppedge, Jr. v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

    /s/_____
ORELIA E. MERCHANT
United States District Judge

October 27, 2025
Brooklyn, New York

9